MEMORANDUM *
Andres Aviles appeals his conviction for conspiracy to transport illegal aliens for profit under 8 U.S.C. § 1324(a)(l)(A)(V)(I). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Aviles first contends his conviction was based on an erroneous legal standard. He claims the arguments and instructions given at trial rested on a definition of “bringing in” that was overturned in United States v. Lopez, 484 F.3d 1186 (9th Cir.2007) (en banc), decided shortly after Aviles was convicted.
Section 1324 “creates four separate offenses, including the ‘brings to’ offense at issue [in Lopez ] as well as the ‘transports within’ offense of § 1324(a)(1)(A)(ii).” Lopez, 484 F.3d at 1195. Lopez addressed only the limits of the “brings to” offense. The conspiracy offense challenged here charged transportation of illegal aliens, which is not affected by the Lopez decision.
Aviles relies on arguments and instructions that employed the pre-Lopez standard. These statements were offered in support of separate substantive “bringing in” charges, which the government dismissed following the Lopez ■ decision.[1] There is no evidence that the jury misunderstood the arguments or instructions or inappropriately applied the “bringing to” standard to the transporting offense. Therefore, Aviles’ conviction for the separate offense of conspiracy to transport aliens was proper.
Second, Aviles claims there was insufficient evidence to prove he profited or re *966 ceived financial gain from his involvement. We review de novo whether sufficient evidence exists to support a conviction where the defendant moves for acquittal at the close of the government’s evidence. See United States v. Stewart, 420 F.3d 1007, 1014 (9th Cir.2005).
The government presented sufficient circumstantial evidence for a rational jury to conclude Aviles had acted for financial gain. See United States v. Yoshida, 303 F.3d 1145, 1151 (9th Cir.2002) (“circumstantial evidence can form a sufficient basis for conviction”). Aviles does not claim he either knew or was related to the aliens in his truck, which supports the reasonable inference that he sought financial gain for transporting them. See id. at 1152; United States v. Tsai, 282 F.3d 690, 697 (9th Cir.2002). Moreover, the lack of any other evidence establishing a justification for his conduct supports the jury’s finding that he acted for financial gain. See Tsai, 282 F.3d at 697; see United States v. Angwin, 271 F.3d 786, 805 (9th Cir.2001).
Third, Aviles claims he suffered ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An ineffective assistance of counsel claim is a mixed question of law and fact that we review de novo. Lankford v. Arave, 468 F.3d 578, 583 (9th Cir.2006).
Aviles first claims his attorney should have objected to introduction of a videotaped deposition by a material witness introduced pursuant to 8 U.S.C. § 1324(d). Because Aviles and his attorney had the opportunity to cross-examine the witness at the time the deposition was taken, the introduction of the recorded deposition did not offend the Confrontation Clause. See United States v. Sines, 761 F.2d 1434, 1441 (9th Cir.1985). The fact that the Border Patrol inadvertently lost a second recording containing the witness’ statements given at the time she was apprehended does not create a constitutional violation. Because admission of the deposition video was proper under both § 1324 and the Confrontation Clause, any objection would have been futile. Therefore, Aviles fails both prongs of the Strickland test. See Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989).
Aviles also claims his attorney should have requested a voluntariness hearing regarding the statements he made to the police after he waived his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He argues that officers arrested him with guns drawn, creating a coercive scenario. We consider the totality of the circumstances to determine whether a defendant’s waiver of Miranda, rights and his subsequent statements were voluntary. United States v. Doe, 155 F.3d 1070, 1074 (9th Cir.1998); United States v. Kelley, 953 F.2d 562, 564 (9th Cir.1992). Coercive police activity is “a necessary predicate” to finding a confession involuntary. Colorado v. Connelly, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986).
The circumstances in this case show Aviles’ waiver and statements were voluntary. There is no indication that the officers engaged in any coercive behavior following the actual arrest. Because Aviles’ waiver of Miranda rights and his statements to the police were voluntary, a request for a voluntariness hearing would have been futile. Therefore, Aviles fails both prongs of the Strickland test. See Miller, 882 F.2d at 1434.
Because all of the above claims fail, there was no cumulative error.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Aviles was also convicted of two counts of bringing in illegal aliens for profit under 8 U.S.C. § 1324(a)(2)(B)(ii). On January 29, 2008, after Aviles was convicted but before he was sentenced, the government moved to dismiss the “bringing in” convictions in light of Lopez. Only Aviles' conviction for conspiracy to transport illegal aliens is at issue on appeal.